# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK FORESTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-967 |
| | ) |
| GREAT WHITE PRESSURE | ) |
| CONTROL, LLC, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Before the Court is Plaintiff's Motion to Strike Certain Affirmative Defenses pursuant to Federal Rule of Civil Procedure 12(f). (Doc. 8). That motion is GRANTED.

This suit involves allegations made by Plaintiff, a former employee of Defendant, for disability discrimination under the Americans with Disabilities Act and the Oklahoma Anti-Discrimination Act and for interference with his rights under the Family Medical Leave Act ("FMLA"). (Doc. 1, Ex. 2). Plaintiff seeks to strike the following of Defendant's affirmative defenses:

- waiver (seventh affirmative defense)
- estoppel (eighth affirmative defense)
- "every allegation . . . barred by the statute of limitations" (fourteenth affirmative defense)

1

- "legitimate, non-discriminatory" and "business" reasons (fifteenth and eighteenth affirmative defenses)
- good faith (sixteenth and twenty-fifth affirmative defenses)

Plaintiff argues these defenses are not defenses, are legally insufficient, or are insufficiently pled under *Twombly*[1] and *Iqbal*[2] to provide notice as to the basis for the defense.

The first three challenged defenses—waiver, estoppel, and statute of limitations (paras. 7, 8, 14)—are easily disposed of. Defendant has agreed to withdraw those defenses.[3]

Regarding the good faith defense (paras. 16, 25), the Court reminds the parties that it has already extended the pleading standards of *Twombly* and *Iqbal* to answers:

> Unless and until the Tenth Circuit holds otherwise, this Court holds that affirmative defenses other than the failure to mitigate damages are subject to the pleading requirements of Rule 8, F.R.Civ.P. and *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), as explicated with respect to claims, only, in *Bryson v. Gonzales*, 534 F.3d 1282, 1286-87 (10th Cir. 2008). Thus, unless the factual basis for an affirmative defense is clear from the face of the complaint, *e.g.,* where the claim asserted is clearly barred by the applicable statute of limitations, in which case the mere statement that the claim is barred by that statute is sufficient, a defendant must allege a sufficient factual basis or bases for his or its affirmative defense to show that the defense is plausibly viable on its face or sufficient factual matter from which a court can infer potential viability.

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007).
[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).
[3] Of course, Defendant's attempt to reserve its right to amend is not operative, and any subsequent amendment of the answer will be subject to Federal Rule of Civil Procedure 15 and will be considered upon motion by Defendant.

*Gibson v. OfficeMax, Inc.*, Case No. CIV-08-1289-R, Order dated January 30, 2009, p. 2. The Tenth Circuit has yet to alter this Court's decision to apply the standard, and nothing in Defendant's brief provides this Court with a basis to reconsider its prior decision. Invoking that standard, the Court agrees with the Plaintiff that Defendant has failed to sufficiently plead any facts in support of its contention that its actions were taken in good faith, which is an affirmative defense to punitive damages under the FMLA. As such, the Court strikes that defense from the Answer.[4]

The Court also strikes Defendant's affirmative defenses that it acted for legitimate, non-discriminatory and business reasons (paras. 15, 18); these defenses are not "affirmative defenses" in that Defendant does not bear the burden of proof on them. Thus, their inclusion in the Answer, or more importantly, their striking from the Answer, is of no consequence to Defendant's ability to raise those arguments in this action. Defendant denies throughout its Answer that it discriminated against Plaintiff, and these more precise statements of denial included as "affirmative defenses" neither add nor detract from the denial, and were likely made out of an abundance of caution.

In accordance with the foregoing, Plaintiff's Motion to Strike (Doc. 8) is GRANTED and paragraphs 7, 8, 14, 15, 16, 18, and 25 of Defendant's list of affirmative Defenses in its Answer is STRICKEN pursuant to Federal Rule of Civil Procedure 12(f). Defendant is granted leave to amend its answer to sufficiently state the factual basis for

---

[4] The striking of an affirmative defense from the answer does not preclude Defendant from raising the issue as the case moves forward. Rather, if Defendant succeeds in including the issue in the final pretrial order, which is the controlling document for trial, its absence from the Answer will be without effect. *See e.g., McKenzie v. Benton*, 388 F.3d 1342, 1349 (10th Cir. 2004).

its affirmative defense of good faith, if it can do so, within fifteen days of entry of this Order.

IT IS SO ORDERED this 21st day of November 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE